UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REMTECH, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>    -vs-<br><br>FIREMAN'S FUND INSURANCE COMPANY, a California corporation,<br><br>        Defendant. | NO.  CV-05-0087-LRS<br><br>ORDER RE: MOTIONS HEARD DECEMBER 20, 2005 |

Pending before the Court with oral argument are eight motions - three motions for partial summary judgment and five various evidentiary motions associated with the summary judgment motions. On December 20, 2005, these matters were argued by John Munding on behalf of the Plaintiff and Emilia Sweeney on behalf of the Defendant. After having duly considered all submitted materials and oral argument, the Court issued its ruling orally following argument. This Order is entered to memorialize and supplement the oral ruling of the Court.

**IT IS HEREBY ORDERED:**

1. In ruling on the motions for partial summary judgment, the Court has taken its facts from the submissions of the parties, accepting all non-disputed facts as true and construing disputed facts and all reasonable inferences therefrom in favor of the non-moving party. In

ORDER - 1

light of the Court's ruling, the Court need not decide the individual evidentiary objections because except as otherwise noted, none of the disputed evidence is necessary to decide these motions. Plaintiff has specifically emphasized its motion to strike portions of the declaration of Charles MacNally, which relates directly to its motion for partial summary judgment regarding value, on the grounds that it does not meet federal evidentiary standards and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The record shows Mr. MacNally has been a heavy equipment appraiser for the last ten years. Where an expert is not obviously unqualified, questions at the summary judgment stage as to the expert's qualifications should rarely be resolved by exclusion of the evidence. *California Steel and Tube v. Kaiser Steel Corp.*, 650 F.2d 1001, 1003 (9th Cir. 1981). In evaluating this summary judgment motion, the Court finds there is nothing in the record which makes him obviously unqualified to form the opinion he has in this case. At this juncture, the Court may not evaluate the credibility of a witness or weigh the evidence. *Neely v. St. Paul Fire & Marine Insurance Co.*, 584 F.2d 341, 344 (9th Cir. 1978).

As an expert, Mr. MacNally is permitted to rely on data forming the basis of his opinions not within his personal knowledge, see Fed.R.Evid. 702, 703. In addition, the fact that an expert opinion relies in part on hearsay evidence does not render the opinion inadmissible. Indeed, expert testimony admissible under Rules 702 and 703 of the Federal Rules of Evidence can, under certain conditions, be based on hearsay and evidence not admitted at trial. See, e.g., *United States v. Locascio*, 6 F.3d 924, 938 (2d Cir.1993) ("[E]xpert witnesses can testify to opinions

based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence in forming their opinions.") Mr. MacNally was entitled to rely upon hearsay in forming his opinion, since there is little question that appraisers routinely and reasonably rely upon such hearsay in the course of their duties valuing property. The Court considers such hearsay evidence solely as a basis for the expert opinion and not as substantive evidence. *United States v. Sims*, 514 F.2d 147, 149-150 (9th Cir. 1975).

Accordingly, for the reasons stated on the record and herein, Defendant's Motion to Strike **(Ct. Rec. 43)**, Plaintiff's Motion to Strike Declarations of Mark Jackson/Barry Johnson **(Ct. Rec. 47)**, Defendant's Supplemental Motion to Strike Declaration of Mark Jackson **(Ct. Rec. 67)**, and Plaintiff's Motion to Strike Declarations of Charles McNally/Barry Johnson **(Ct. Rec. 81)** are all **DENIED** without prejudice.

2. Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 10) is **DENIED.** Defendant's cross Motion for Partial Summary Judgment (Ct. Rec. 62) regarding the application of Alaska law is **GRANTED**. Plaintiff's Motion to Have Responsive Statement of Facts Deemed Admitted (Ct. Rec. 92) is **DENIED**.

The Court finds the record suitable for decision on the limited issue raised by these motions regarding the choice of law on the plaintiff's punitive damages claim. The Court finds the provisions of the contract and the most significant relationship test favor the application of Washington law rather than Alaska law. In reaching this conclusion, the Court has also considered the policies of both the states on the issue of punitive damages. In addition to those considerations

ORDER - 3

recited orally on the record, the Court would also note that as the conflict here arises as to punitive damages relating to the claim of bad faith, the "place of the wrong" is Washington, where Remtech has suffered the economic effects of the alleged mishandling of the claim, rather than Alaska, where Fireman Fund's initial liability was incurred.

3. Plaintiff's Motion for Partial Summary Judgment Re: Value **(Ct. Rec. 55)** is **DENIED**.

Though Remtech suggested during oral argument that it is asking for a Court finding on the actual value of its covered loss, in fact, as the Court stated, the motion actually requests the Court establish an evidentiary floor as it seeks "an order from the Court establishing the actual cash value of Remtech's Low Temperature Thermal Desportion Unit as *no less than* $1,187,500.00 prior to the loss of April 7, 2004" and the cost to repair or replace the equipment as *"no less than"* $962,227.00 Plaintiff's Memorandum of Authorities, Ct. Rec. 57, at 1-2, 18 (emphasis added); *Plaintiff's Reply* at 11 (emphasis added).

The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to provide a method of summarily terminating issues or claims when it clearly appears that only a question of law is involved and that there is no genuine issue of fact. When applying FRCP 56, the judge cannot summarily try the facts; the judge's role is limited to applying the law to the facts that have been established by the litigants' papers.

Remtech's Motion for Partial Summary Judgment re: Value in fact does not seek resolution of any particular question of law. Indeed, Remtech's reply indicates "Remtech moved for a determination of the value of the

ORDER - 4

LTTD, not for an assessment of the damages for which Fireman's Fund is liable under the policy." *Reply* at 4.  Not only are the facts regarding value disputed, but the legal significance of these facts is clearly subject to conflicting interpretations.  Accordingly, Remtech's Motion for Partial Summary Judgment re: Value **(Ct. Rec. 55)** is **denied**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this ___4th___ day of January, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 5