HONORABLE LONNY R. SUKO

Emilia L. Sweeney, WSBA # 23371
LANE POWELL PC
1420 5th Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: (206) 223-7000
Facsimile: (206) 223-7107

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| REMTECH, INC., a Washington corporation, | ) ) ) |
| Plaintiff, | ) No. CV-05-0087-LRS ) ) THIRD PROTECTIVE ORDER |
| v. | ) ) |
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation, | ) ) ) |
| Defendant. | ) ) |

COMES NOW the parties, by and through their attorneys hereto, and hereby stipulate and agree that the following Findings of Fact and Protective Order pursuant to Fed. R. Civ. Proc. 26(c)(7), shall be entered, governing the production and use of the personnel files of Fireman's Fund's employees.

THIRD PROTECTIVE ORDER - 1
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

# I. FINDINGS OF FACT

1.  In this action for bad faith, plaintiff seeks the personnel files of Fireman's Fund employees Barry Johnson, Scott Bowers and Charles MacNally.

2.  The personnel files of Barry Johnson, Scott Bowers and Charles MacNally contain private, sensitive, and confidential information, the public disclosure of which would be highly offensive to these individuals.

# II. PROTECTIVE ORDER

THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The personnel files of Barry Johnson, Scott Bowers and Charles MacNally shall be used by the recipient solely for the preparation and trial of this action, including any appeals and retrials, and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceeding or action.

2.  The personnel files produced by Fireman's Fund, shall be marked "confidential."

3.  Except with the prior written consent of Defendant Fireman's Fund, the content of their "confidential" designated documents may not be disclosed by the recipient to any person other than as follows:

    a.  Keith G. Carpenter, representative of Remtech;

    b.  Fireman's Fund representatives;

THIRD PROTECTIVE ORDER - 2
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

  c. Attorneys of record for the undersigned parties and members and employees of their respective firms to whom it is necessary that the material be disclosed for the purpose of this action;

  d. Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning the case;

  e. Independent experts or consultants who are retained to assist the attorneys for the undersigned parties not employed by or affiliated with a party and not in competition with a party; and

  f. The Court and Court personnel and stenographic reporters at depositions taken in this action.

4. Information relating to these personnel files disclosed at a deposition may be designated as "Confidential" by either:

  a. indicating on the record at the deposition that the testimony is "Confidential" and subject to the provisions of this Protective Order; or

  b. by notifying the opposing party in writing, within ten (10) calendar days of the receipt of the transcript, of those pages and lines that are "Confidential." No deposition may be read by anyone other than those persons defined at paragraph 3 and the deponent during the ten (10) day period. Upon being informed that certain portions of a deposition disclose "Confidential" information each party must cause such portions of each copy in its custody or control to be so marked immediately. Only those lines or pages of a deposition transcript that contain "Confidential" information may be designated as such, and such portions of the deposition transcript

THIRD PROTECTIVE ORDER - 3
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

should be bound separately when practicable. Information disclosed at a deposition that is not designated as "Confidential" under the procedures set forth above shall not thereafter be designated as "Confidential" unless otherwise agreed by counsel in writing or as ordered by the Court.

5. Any court reporter who records testimony in this action at a deposition shall be provided with a copy of this Protective Order by the party noticing the deposition. That party shall advise the court reporter, before any testimony is taken, that all documents, information, or testimony designated "Confidential" are and shall remain confidential and shall not be disclosed except as provided in this Protective Order. The noticing party shall further advise the court reporter that copies of all transcripts, reporting notes and all other records of any such testimony must be treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal with the Court.

6. If any pleading contains "Confidential" information, the portion of the filing (e.g., one or more exhibits to a declaration or affidavit) that contains the "Confidential" information shall, to the extent practicable, be bound separately and submitted to the Court under seal. The portions of the pleading not containing "Confidential" information shall be filed in the public file. If any pleading, such as a memorandum of points and authorities, makes reference to "Confidential" information, the parties shall, to the extent practicable, redact the "Confidential" information from the publicly-filed version and shall file the unredacted version under seal, or shall promptly after filing a copy under seal, provide to the other parties a

THIRD PROTECTIVE ORDER - 4
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

redacted version. Any pleading or other paper, or portion thereof, which is to be filed under seal shall be filed with the Court in a sealed, opaque container including on the outside thereof the case heading of this litigation and a notification that the contents are subject to a protective order and the container is not to be opened except upon further order of this Court. Such notification shall be substantially in the following form:

> CONFIDENTIAL
> SUBJECT TO PROTECTIVE ORDER
> This envelope (or container) containing the
> above identified papers filed by (name of party),
> is neither to be opened nor the contents thereof
> displayed or revealed except by Court order
> or by agreement of the parties.

The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony so filed in this litigation.

7.  Should this case proceed to trial, the parties shall meet and confer regarding the use, if any, of confidential information at trial, in order to allow counsel for Fireman's Fund to seek and obtain, if necessary, a narrowly tailored order of closure. Failure to obtain such an order shall not be deemed a waiver of Johnson's, Bowers or MacNally's rights regarding the protection of this confidential information.

8.  Should any portion of the personnel files be admitted into evidence at trial, Fireman's Fund shall move that the pertinent exhibits be sealed or segregated, as appropriate, until the exhibits are returned to the party who produced them pursuant to LR 79.1. The order to seal or segregate, as appropriate, shall follow the exhibits on appeal, if any.

THIRD PROTECTIVE ORDER - 5
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

9. Any party disagreeing with the designation of any document or information as "Confidential" shall so notify the disclosing or designating party in writing. The disclosing or designating party shall then have a period of fourteen (14) days from the date of receipt of such notice to advise the receiving party whether or not the disclosing party persists in the designation and to explain the reasons for the particular designation. The receiving party may then, after advising the disclosing party, move the Court for an order removing the "Confidential" designation. Information designated "Confidential" received from the disclosing party shall be treated as such by all parties unless otherwise agreed to by the parties or otherwise ordered by the Court. The failure of a receiving party to expressly challenge a claim of confidentiality or the designation of any document or information as "Confidential" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential.

10. If any attorney for any party in this action desires to give, show, make available or communicate any document or information designated "Confidential" to a person who is not entitled under the terms of this Protective Order to see or have access to such information, the attorney must first disclose to the attorneys for the other parties to this action that person's name and connection with this action, and must obtain the written consent of the party who so designated the document. If the party who so designated the document refuses to give its consent, the parties shall confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the party desiring disclosure of the confidential document or

THIRD PROTECTIVE ORDER - 6
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

information may petition the Court for an order granting disclosure to the person in question. Should the Court grant such a motion, the parties agree that the Court's order shall require the person to whom the disclosure is made to be bound by the terms of this Protective Order.

11. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each and every party or nonparty who designated the information as "Confidential" consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any attorney of- record from utilizing "Confidential" information in the examination or cross-examination of any person who is alleged to be or has claimed to be the author or source of or the recipient of the "Confidential" information, irrespective of which party produced such information.

12. Unless counsel agree otherwise in writing, upon the final disposition of this action, the attorneys for the parties shall either destroy or return promptly to the party or witness from whom they were obtained all original documents, which have been designated "Confidential" and destroy or return all copies made thereof, including all documents or copies provided by a party to any other person, except that attorneys for each party may retain an archival copy of all pleadings, transcripts and written attorney work product which might include information designated "Confidential." Counsel for each party may retain an index of documents produced in this litigation by the other party but shall not retain a copy of the documents themselves; an archived copy of documents produced by a party shall be maintained

THIRD PROTECTIVE ORDER - 7
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

by the producing party under its exclusive custody. Persons other than the parties' attorneys shall cooperate to achieve destruction or return of the documents.

13. In the event any person or party having possession, custody or control of any document or information produced in this action and designated as "Confidential" by another party receives a subpoena or other process or order to produce such information, such person or party shall notify in writing the party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish that party with a copy of the subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The party asserting the right to confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the party asserting the right to confidential treatment is successful in obtaining an order modifying or quashing it.

14. In the event anyone shall violate or threaten to violate any terms of this Protective order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective order, and in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the

THIRD PROTECTIVE ORDER - 8
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

purpose of enforcing this Protective Order and that the laws of the State of Washington shall apply, including those laws regarding statutes of limitations.

15. Should any document or information designated as "Confidential" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective order, then the disclosing party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the party that designated the document as "Confidential"; (c) request that such person sign a document in the form of Exhibit A if the information disclosed was designated ; and (d) use its best efforts to bind such person to the terms of this Protective Order, including, if necessary, promptly bringing a motion or other application to the Court to bind such person to the terms of this Protective Order.

16. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to make any other type of objection, claim or other response.

17. This Protective Order shall be without prejudice to the right of the parties to request additional protection under Rule 26 (c) of the Federal Rule of Civil Procedure.

18. Other persons may become a party to this Protective Order without further action by the Court and be bound by the terms of this Protective order by agreeing to its terms and executing a document in the form of Exhibit A.

THIRD PROTECTIVE ORDER - 9
Case No. CV-05-0087-LRS

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

19. Nothing in this Protective Order shall constitute an admission by any party to this action or be cited or used as evidence in this action for any purpose other than to ensure compliance with or to obtain enforcement of its terms.

20. The restrictions on disclosure and use of "Confidential" information or documents shall survive the conclusion of this action and the Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

IT IS SO ORDERED AND ENTERED this 7th day of July, 2006.

s/Lonny R. Suko
**HONORABLE LONNY R. SUKO**

CRUMB & MUNDING, P.S.                    LANE POWELL PC

By s/John D. Munding                     By s/Emilia L. Sweeney
  John D. Munding, WSBA #21734             Emilia L. Sweeney, WSBA No. 23371
Attorneys for Plaintiff Remtech, Inc.    Attorneys for Defendant Fireman's Fund
                                         Insurance Company

THIRD PROTECTIVE ORDER - 10
Case No. CV-05-0087-LRS

1  WITHERSPOON, KELLEY, DAVENPORT & TOOLE

3  By  s/Jeffrey L. Supinger
4      Jeffrey L. Supinger, WSBA No. 23371
       Attorneys for Plaintiff Remtech, Inc.

THIRD PROTECTIVE ORDER - 11
Case No. CV-05-0087-LRS

# EXHIBIT A
# TO
# STIPULATED PROTECTIVE ORDER

<u>Remtech, Inc. v. Fireman's Fund Insurance Co., et al.</u>
Case No. CV 05-0087-LRS

United States District Court
Eastern District of Washington
at Spokane

## ACKNOWLEDGMENT

I, _____, have been given a copy and read the Protective Order attached hereto, I understand its contents, and I agree and acknowledge that I am and will be bound by its terms.

I further understand that I shall not at any time use any Confidential Information for any purpose other than in connection with this Action, unless this Court orders that I do so.

I agree to submit to the jurisdiction of this Court for any purpose related to enforcement of the Protective Order. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. In the event I violate or threaten to violate any terms of this Protective Order, I agree that any aggrieved party may immediately apply to obtain injunctive relief against me for violating or threatening to violate any of the terms of this Protective order, and in the event the aggrieved party shall do so, I shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. I agree that this Court shall have personal jurisdiction over myself for the purposes of enforcing this Protective Order, and that the law of the State of Washington, including the laws regarding the statutes of limitation, shall apply.

THIRD PROTECTIVE ORDER - 12
Case No. CV-05-0087-LRS

LANE POWELL PC
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

019514.0083/1306552.1

DATED this _____ day of _____, 2005.

_____
(Signature)

Name: _____

Affiliation: _____

Business Address: _____

_____

Home Address: _____

_____

THIRD PROTECTIVE ORDER - 13
Case No. CV-05-0087-LRS

019514.0083/1306552.1

**LANE POWELL PC**
1420 5TH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000