UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| REMTECH, INC., a Washington corporation, | ) ) ) | NO.  CV-05-0087-LRS |
| Plaintiff, | ) ) ) ) | **ORDER ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO COMPEL** |
| -vs- | ) ) | |
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**BEFORE THE COURT** are summary judgment motions brought by Plaintiff and Defendant in this case as well as Plaintiff's Motion to Compel. On November 8, 2006, and November 22, 2006, this Court heard oral argument concerning these matters with the Honorable Lonny R. Suko presiding. John Munding and Jeffrey Supinger participated on behalf of the Plaintiff, and Emilia Sweeney and Theodore Sheffield participated on behalf of the Defendant. After careful review of the pleadings submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the oral rulings of the Court on those dates, which are incorporated herein by reference.

ORDER- 1

Accordingly, **IT IS HEREBY ORDERED**:

The facts which were recited by this Court on the record on November 8, 2006 are hereby incorporated into this order.

1. Defendant's Motion for Partial Summary Judgment on Coverage Related to the Heat Exchanger **(Ct. Rec. 247)** is **DENIED**. Genuine issues of material fact preclude Summary Judgment at this juncture.

2. Defendant's Motion for Summary Judgment re: Lost Profits (**Ct. Rec. 258**) is also **DENIED**. Genuine issues of material fact preclude summary judgment at this time.

3. Defendant's Motion for Summary Judgment re: Alleged WAC Violations (**Ct. Rec. 242**) is **GRANTED IN PART AND DENIED IN PART**. Defendant's Summary Judgment is granted with respect to WAC 284-30-330(1), which defines as unfair "misrepresenting pertinent facts or insurance policy provisions."  However, in this case, there is no evidence that there were any misrepresentations made by either party.  As Defendant argues, given the fact that Remtech clearly alleges that Fireman's Fund violated the actual terms of the policy, this is not a case about misrepresentations, therefore, any claims that are premised upon an alleged violation of WAC 284-30-330(1) are dismissed as a matter of law.

Moreover, WAC 284-30-330 (18) states the following: "[f]ailing to make a good faith effort to settle a claim before exercising a contract right to an appraisal."  From the record submitted it appears that neither party exercised its contractual right to an appraisal in this case.  Therefore any claim based on WAC 284-30-330(18) is **DISMISSED** as a matter of law.  All other portions of Defendant's

Motion for Summary Judgment are **DENIED** because genuine issues of material fact remain.

    4.    Plaintiff Remtech's Motion for Partial Summary Judgment (**Ct. Rec. 235**) is **DENIED**. Plaintiff's motion has more than one purpose. First, Remtech seeks an order of partial summary judgment against Fireman's Fund in the amount of $274,947. This motion was argued at the November 8, 2006 hearing. The parties were then allowed to submit additional briefing. On November 22, 2006, the Court reconvened oral argument on this issue. After careful review of the briefing and with the benefit of oral argument on two separate occasions, the Court **DENIES** Plaintiff's request because genuine issues of material fact exist. Plaintiff argues that the $274,947 was the undisputed amount that Fireman's Fund offered Remtech as a replacement value, however, Defendant disputes whether the $274,947 represents the amount of Remtech's loss. Additional information from earlier filings also raises questions about the conditions and terms of the sum offered (or proffered) and whether contingencies binding on the parties will be incurred if the amount at issue is paid. Under these circumstances the Court cannot as a matter of law, at this stage of the litigation, conclude that the sum set forth is without controversy in establishing the minimum loss suffered or admitted as being due and owing from Defendant. This portion of the motion is **DENIED WITHOUT PREJUDICE**.

    In addition, Plaintiff seeks an order stating that as a matter of law, Fireman's Fund violated the Washington State Consumer Protection Act and acted in bad faith. Plaintiff's Motion is **DENIED**. Genuine

issues of material fact preclude summary judgment at this time. Moreover, Plaintiff seeks an order establishing that the facts set out in Plaintiff's motion for summary judgment are undisputed facts for trial purposes. This request is **DENIED** as genuine issues of material fact remain for the trier of fact.

     5.   Plaintiff's Motion to Compel the Production of Documents Relating to Barry Johnson and Scott Bowers (**Ct. Rec. 419**). This motion was noted without oral argument for November 21, 2006, however, this Court entered its oral ruling on November 22, 2006. For the reasons stated on the record on that date, the motion is **DENIED IN PART AND GRANTED IN PART**. The motion is denied with respect to documents relating to Mr. Bowers because these documents are not likely to lead to the discovery of admissible evidence. The Motion is **GRANTED** with respect to documents relating to Mr. Johnson. Plaintiff specifically seeks to compel Fireman's Fund to "produce all documents not previously produced relating to or involving the job performance, performance reviews or evaluations, warnings, discipline, job related training and/or resumes of Barry Johnson." All of the documents in Mr. Johnson's personnel file, or which have at one time since April 2004 been in his file or maintained elsewhere as a record, whether electronic or otherwise, relating to these topics which have not been previously disclosed shall be disclosed **NO LATER THAN December 5, 2006.** As discussed during the November 22, 2006 hearing, Defendant should endeavor to disclose these materials sooner if at all possible. As noted, documents of a personal nature relating to Mr. Johnson's
///

ORDER- 4

Case 2:05-cv-00087-LRS    Document 447    Filed 11/28/06

marital status or health are not covered by this order, and need not be disclosed.

Furthermore, while the Court is ordering Defendant to produce the documents discussed above, it expressly reserves the issue of admissibility of these documents for a later date. The Court finds that **NO FEES OR COSTS** shall be awarded.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this  28th   day of November, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER- 5